16-3348
Bynum v. Maplebear, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of October, two thousand seventeen.

Present: JON O. NEWMAN,
GUIDO CALABRESI,
ROSEMARY S. POOLER,
  *Circuit Judges*.

———————————————————————————————

MELODY BYNUM,

  *Plaintiff-Appellant*,

  v.  16-3348

MAPLEBEAR INC., dba INTSACART,

  *Defendant-Appellee*.

———————————————————————————————

Appearing for Appellant: Abdul K. Hassan, Queens Village, NY

Appearing for Appellee: Julia Allen, Keker, Van Nest & Peters, LLP (Benjamin W. Berkowitz, *on the brief*), San Francisco, CA

Appeal from the United States District Court for the Eastern District of New York (Weinsten, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be, and hereby is, **DISMISSED**.

1

Melody Bynum appeals from the September 19, 2016 judgment of the United States District Court for the Eastern District of New York dismissing her case against Maplebear Inc., dba Instacart. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We dismiss Bynum's appeal for lack of jurisdiction. The district court granted Instacart's motion to compel arbitration and then stayed the case pursuant to Section 3 of the Federal Arbitration Act. Bynum's counsel then informed the district court that she did not want to arbitrate her claims, and she asked the district court to end the stay and dismiss the action instead so that she might pursue an appeal. The district court, after conducting a hearing and asking Bynum to confirm that she wished to waive her right to arbitration and dismiss her case on the merits, granted Bynum's motion.

We lack jurisdiction over this appeal. *See Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) (holding that "an appeal from a judgment entered upon a voluntary dismissal with prejudice does not bring up for review any matters that were voluntarily dismissed"). The Federal Arbitration Act bars interlocutory appeals from the grant of a motion to compel arbitration. 9 U.S.C. § 16(b)(1)-(2) ( "[A]n appeal may not be taken from an interlocutory order ... granting a stay of any action under § 3 ... [or] directing arbitration to proceed under § 4."). Plaintiffs cannot circumvent that prohibition by agreeing to dismiss their claims rather than proceed to arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) (noting that dismissing a complaint after granting a motion to compel, rather than staying the action, "effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order. Affording judges such discretion would empower them to confer appellate rights expressly proscribed by Congress.").

*Microsoft v. Baker*, 137 S. Ct. 1702 (2017) also counsels against allowing this appeal to proceed. There plaintiffs chose to stipulate to a dismissal of their claims after the district court denied their motions to certify a class, and to take an interlocutory appeal from that decision. Armed with their now-final order, plaintiffs appealed from the denial of class certification. The Supreme Court held that "the voluntary dismissal essayed by respondents does not qualify as a 'final decision' within the compass of § 1291. The tactic would undermine § 1291's firm finality principle, designed to guard against piecemeal appeals, and subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders." *Id.* at 1707. Similarly, allowing an immediate appeal here violates the finality rule.

We have considered the remainder of Bynum's arguments regarding jurisdiction and find them to be without merit. Accordingly, the appeal is DISMISSED for lack of jurisdiction. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2