# 16-3348

# United States Court of Appeals
# for the Second Circuit



MELODY BYNUM,

*Plaintiff-Appellant,*

v.

MAPLEBEAR INC., DBA INSTACART,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (Brooklyn)

## APPELLANT'S PETITION FOR REHEARING

ABDUL HASSAN LAW GROUP, PLLC
*Attorneys for Plaintiff-Appellant*
215-28 Hillside Avenue
Queens Village, New York 11427
(718) 740-1000

# TABLE OF CONTENTS

I.   RULE 35 STATEMENT ...........................................................................1

II.  ARGUMENT ........................................................................................3

   1.   THE COURT OVERLOOKED AND DID NOT ADDRESS ITS BINDING
   PRECEDENT IN COHEN V. UBS IN WHICH THIS COURT FOUND APPELLATE
   JURISDICTION WHERE THE PLAINTIFF DECLINED ARBITRATION AND EVEN
   STIPULATED TO DISMISSAL ................................................................ 3

   2.   THIS COURT DID NOT ADDRESS FOOTNORE 11 OF MICROSOFT IN WHICH
   THE SUPREME COURT DISTINGUSIHED AND REAFFIRMED ITS DECISION IN
   PROCTER & GAMBLE – A CASE THAT IS MORE SIMILAR TO OUR CASE THAN
   MICROSOFT AND WHICH RECOGNIZES THE CRITICAL DIFFERENCE BETWEEN
   SEEKING DISMISSAL AND OPPOSING A COURT ORDER WHICH LEADS TO
   DISMISSAL ..................................................................................... 5

   3.   THIS COURT DID NOT ADDRESS FRCP 41 WHICH SPECIFICALLY DEFINES
   VOLUNTARY AND INVOLUNTARY DISMISSALS – THE SUPREME COURT'S
   DECISION IN MICROSOFT IS CONSISTENT WITH RULE 41 BUT THIS COURT'S
   SUMMARY ORDER IS NOT.................................................................. 12

III. CONCLUSION .................................................................................14

# TABLE OF AUTHORITIES

## Cases

*Cheeks v. Freeport Pancake House, Inc.*,
  796 F.3d 199 (2d Cir. 2015)................................................................................ 13

*Cohen v. UBS Fin. Servs., Inc.*,
  799 F.3d 174, 177 (2d Cir. 2015)............................................................. 1, 3, 4, 5

*Empire Volkswagen Inc. v. Worl-d-Wide Volkswagen Corp.*,
  814 F.2d 90, 94 (2d Cir. 1987)...................................................................... 1, 4

*F5 Capital v. Pappas*,
  856 F.3d 61, 75 (2d Cir. 2017)........................................................................... 4

*Katz v. Cellco P'ship*,
  794 F.3d 341, 346 (2d Cir. 2015).................................................................. 1, 4

*Microsoft Corp. v. Baker*,
  137 S. Ct. 1702 (2017)............................................................................ *passim*

*United States v. Procter & Gamble*,
  356 U.S. 677 (1958).............................................................................. *passim*

## I.    RULE 35 STATEMENT

Petitioner-Appellant Melody Bynum, ("Petitioner," "Plaintiff" or "Bynum"), respectfully seeks rehearing by the original three-judge panel, following a decision of this Court (Judges Pooler, Calabresi and Newman), dated October 5, 2017, (Exhibit 1, annexed), dismissing the appeal for lack of appellate jurisdiction.

At the outset, this Court overlooked and did not address its binding precedent in *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015). In *Cohen*, this Court found appellate jurisdiction where the plaintiff declined arbitration and even stipulated to dismissal. Unlike *Cohen*, *Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015), did not involve waiver of arbitration and *Empire Volkswagen Inc. v. Worl-d-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) did not even involve arbitration at all.

Next, on June 12, 2017, after briefing was complete in this case, the Supreme Court issued its decision in *Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017). We respectfully believe that this Court misconstrued *Mircosoft* and did not address material aspects of *Micorosft* and of Plaintiff's related arguments. Specifically, the Court did not address footnote 11 of *Mircosoft* in which the Supreme Court distinguished and reaffirmed its decision in *United States v. Procter & Gamble*, 356 U.S. 677 (1958) – this case is more similar to *Procter & Gamble* than to *Mircosoft*. This Court also did not address Federal Rules of Civil

Procedure 41 which was the district court's purported basis for dismissal, and which defines and governs voluntary and involuntary dismissals – an examination of FRCP 41 would reveal that the dismissal in this case which resulted from opposition to a court order qualifies as an involuntary dismissal under FRCP 41(b).

A careful review of the record would reveal that Plaintiff did not make a motion to dismiss her case, but instead, opposed the district court's arbitration order which lead the district court to dismiss the case – a critical and material distinction recognized in FRCP 41 and by the Supreme Court in *Microsoft* and *Procter and Gamble*.

The already strong bases for reconsideration are made even stronger in light of the timing of the Supreme Court's decision in *Microsoft*. Because the *Microsoft* decision was issued long after briefing was complete, it was not adequately briefed. It is very uncommon for this Court to allow and even require supplemental briefing beyond the limited FRAP 28(j) letter, when there is an intervening Supreme Court decision – especially one that can be viewed as dispositive.

Finally, the beauty of our judicial system is that it affords a low wage worker like Ms. Bynum, the same attention and opportunity to be heard, as it affords the government and big corporations like Procter & Gamble. We thank the distinguished panel that heard this case for its time and attention, and hope that it would address Ms. Bynum's arguments even if it ultimately disagrees with her. Of

2

course, Ms. Bynum believes that in addressing the subject arguments and the unique facts here, this Honorable Court will agree with her and not dismiss her appeal.

## II.    ARGUMENT

**1.  THIS COURT OVERLOOKED AND DID NOT ADDRESS ITS BINDING PRECEDENT IN *COHEN V. UBS* IN WHICH THIS COURT FOUND APPELLATE JURISDICTION WHERE THE PLAINTIFF DECLINED ARBITRATION AND EVEN STIPULATED TO DISMISSAL**

On September 12, 2017, defendant file a letter arguing that this Court lacked jurisdiction in light of the Supreme Court's decision in *Microsoft* which was handed down on June 12, 2017. (See ECF No. 73). In response, Plaintiff argued in significant part (ECF No. 75), that *Microsoft* did not overrule this Court's binding precedence in *Cohen v. UBS Fin. Servs., Inc.*, 799 F.3d 174, 177 (2d Cir. 2015), which found appellate jurisdiction and stated in relevant part as follows:

> To facilitate appeal, the parties agreed to dismissal of the case with prejudice and stipulated that the plaintiffs would not pursue FINRA arbitration. See 9 U.S.C. § 16. Cohen then appealed the district court orders compelling arbitration and denying reconsideration

Under the jurisdiction ruling in *Cohen*, this Court would undoubtedly have jurisdiction over this appeal. In fact, the jurisdiction arguments here are even stronger because, unlike *Cohen*, there is no stipulation to dismiss in this case – the district court decided to dismiss after Plaintiff declined arbitration. We respectfully

3

request that this Honorable Court, upon reconsideration, conclude that appellate

jurisdiction is present in this case as it did in *Cohen*.

Unlike rulings on other issues which may constitute dicta, rulings on

jurisdiction are not, because jurisdiction is an issue in every appeal, and this Court

has an independent obligation to address and find the presence of jurisdiction

before it can do anything else. See *F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir.

2017)('Although neither party has challenged our jurisdiction, "[f]ederal courts

have a duty to inquire into their subject matter jurisdiction sua sponte …"'). *Cohen*

is a published opinion so it is binding on the panel. Moreover, unlike *Empire

Volkswagen Inc. v. Worl-d-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir.

1987), *Cohen* dealt specifically with an appeal in the arbitration context. In

addition, *Cohen* is also distinguishable from *Katz v. Cellco P'ship*, 794 F.3d 341,

346 (2d Cir. 2015) – *Cohen* dealt with a situation where the plaintiff declined

arbitration but *Katz* did not.

In any event, the jurisdiction ruling in *Cohen* can only be overturned by an

e*n banc* panel of this Court or by the Supreme Court.  In this regard, the Court also

did not address whether *Cohen* was overruled by *Microsoft* – such a finding that

one of this Court's precedents was overruled by the Supreme Court would require

formal substantive analysis – especially where the overruling is not obvious –

4

*Microsoft* was a limited ruling in the class action context that turned on FRCP

23(f).

**2. THIS COURT DID NOT ADDRESS FOOTNORE 11 OF *MICROSOFT* IN WHICH THE SUPREME COURT DISTINGUSIHED AND REAFFIRMED ITS DECISION IN *PROCTER & GAMBLE* – A CASE THAT IS MORE SIMILAR TO OUR CASE THAN *MICROSOFT* AND WHICH RECOGNIZED THE CRITICAL DIFFERENCE BETWEEN SEEKING DISMISSAL AND OPPOSING A COURT ORDER WHICH LEADS TO DISMISSAL**

In dismissing this appeal for lack of jurisdiction, this Court stated in relevant

part as follows (Ex. 1, pg. 2, ¶ 2):

> We dismiss Bynum's appeal for lack of jurisdiction. The district court granted Instacart's motion to compel arbitration and then stayed the case pursuant to Section 3 of the Federal Arbitration Act. Bynum's counsel then informed the district court that she did not want to arbitrate her claims, and she asked the district court to end the stay and dismiss the action instead so that she might pursue an appeal. The district court, after conducting a hearing and asking Bynum to confirm that she wished to waive her right to arbitration and dismiss her case on the merits, granted Bynum's motion.

> We lack jurisdiction over this appeal. See Empire Volkswagen Inc. v. World-Wide Volkswagen Corp., 814 F.2d 90, 94 (2d Cir. 1987) (holding that "an appeal from a judgment entered upon a voluntary dismissal with prejudice does not bring up for review any matters that were voluntarily dismissed").

We respectfully believe that the Court overlooked and misconstrued the

facts surrounding the dismissal which most closely match the definition of

involuntary dismissal under Federal Rules of Civil Procedure ("FRCP") 41(b), as

well as the Supreme Court's finding of involuntary dismissal in *Procter & Gamble*

5

which was reaffirmed by the Supreme Court in *Microsoft Corp. v. Baker,* 137 S. Ct. at 1715, fn 11.

When the entirety of the situation is examined, it is reasonably clear that Plaintiff did not seek dismissal of her case. Instead, Plaintiff declined arbitration and opposed the order compelling arbitration. At that point, she was willing to proceed in Court and continue with her case as clarified in the following exchanges:

(A153:7-11)

THE COURT: She's told me she doesn't want to go forward with that case here or before the arbitration, right?
MR. HASSAN: She would like to go forward with the case here, but in light of the arbitration order, she can't.
THE COURT: I see. Okay.

(A156:25; A157:1-3)
MR. HASSAN: Your Honor, let us proceed in court. We don't want any appeals. We would like to proceed in court.
THE COURT: You can't proceed in court because you must arbitrate.

A clear statement such as "let us proceed in court. We don't want to appeal," is the complete opposite of seeking dismissal to appeal. The fact that opposing an order may lead to dismissal is not the same as seeking dismissal in the context of appellate jurisdiction as the Supreme Court explained in *Procter & Gamble* – especially where there are valid grounds for not going to arbitration, such as costs and risks - about which reasonable minds can differ.

6

As some of the questioning appear to reflect during oral arguments, it was the district court that made the decision to dismiss in light of Plaintiff's opposition to the arbitration order - as further confirmed by the following exchange which the district court itself excerpted in its order (A201):

> The court repeatedly inquired about plaintiff's intention to forego arbitration, as well as her understanding that the refusal to arbitrate would lead to a dismissal on the merits and a probable loss of her claims:
>
> > THE COURT: Madam, is that what you want to do, you want to waive your right to arbitration?
> > PLAINTIFF BYNUM: That is correct, yes.
> > THE COURT: On the advice of counsel?
> > PLAINTIFF BYNUM: That is correct.
> > THE COURT: Do you know that that will lead to dismissal of your case on the merits, which means you can't bring the case again; do you understand that?
> > PLAINTIFF BYNUM: I do, yes. It was explained.
> > THE COURT: And you advised her of that?
> > MR. HASSAN: Yes, Your Honor. We went through this in great detail.
> > THE COURT: So when you say you're waiving arbitration, I take it you mean you refuse to go to arbitration; is that right?
> > PLAINTIFF BYNUM: That is correct, yes.

Once again, the fact that refusal to arbitrate and opposition to the district court's order compelling arbitration may lead to dismissal, does not mean the Plaintiff was seeking to dismiss her case – she was simply trying to avoid the costs/risks of arbitration. The Supreme Court has recognized this distinction in the context of appellate jurisdiction, when it stated in United *States v. Procter & Gamble Co.*, 356 U.S. 677, 679-80 (1958), in relevant part as follows:

The District Court entered orders directing the Government to produce the transcript in 30 days and to permit appellees to inspect and copy it. The Government, adamant in its refusal to obey, filed a motion in the District Court requesting that those orders be amended to provide that, if production were not made, the court would dismiss the complaint. Alternatively, the Government moved the District Court to stay the order pending the filing of an appeal and an application for extraordinary writ. Appellees did not oppose the motion; and the District Court entered an amended order providing that, unless the Government released the transcript by August 24, 1956, 'the Court will enter an order dismissing the complaint.'3 As the Government persisted in its refusal, the District Court entered judgment of dismissal. The case is here by way of appeal, 32 Stat. 823, as amended, 62 Stat. 869, 989, 15 U.S.C. s 29, 15 U.S.C.A. s 29. We postponed the question of jurisdiction to argument on the merits. 352 U.S. 997, 77 S.Ct. 556.

The Supreme Court in *Procter & Gamble*, 356 U.S. at 680–81, then reasoned as follows in concluding that the dismissal in that case was not voluntary, and that it had appellate jurisdiction:

> Appellees urge that this appeal may not be maintained because dismissal of the complaint was solicited by the Government. They invoke the familiar rule that a plaintiff who has voluntarily dismissed his complaint may not sue out a writ of error. See Evans v. Phillips, 4 Wheat. 73, 4 L.Ed. 516; United States v. Babbitt, 104 U.S. 767, 26 L.Ed. 921. The rule has no application here. The Government at all times opposed the production orders. It might of course have tested their validity in other ways, for example, by the route of civil contempt. Yet it is understandable why a more conventional way of getting review of the adverse ruling might be sought and any unseemly conflict with the District Court avoided. When the Government proposed dismissal for failure to obey, it had lost on the merits and was only seeking an expeditious review. This case is therefore like Thomsen v. Cayser, 243 U.S. 66, 37 S.Ct. 353, 61 L.Ed. 597, where the losing party got the lower court to dismiss the complaint rather than remand for a new trial, so that it could get review in this Court.

8

As in *Procter & Gamble*, "[Ms. Bynum] at all times opposed the [arbitration] orders," so the dismissal here could not have been voluntary within the meaning of the law and in the context of appellate jurisdiction. Once again, the fact that opposing the arbitration orders may or will "lead" to dismissal or have the "effect" of dismissal, does not mean the Plaintiff was seeking dismissal – the Plaintiff would have been perfectly happy to continue her case in Court as she sought to do all along, and made clear.

We rely on *Procter & Gamble* and ask this Court to address it on reconsideration, not only because its relevant facts are very similar to this case, and a similar jurisdiction ruling is warranted here, but because the Supreme Court in *Microsoft*, 137 S. Ct. at 1715, distinguished, reaffirmed and did not overrule *Procter & Gamble* when it stated in relevant part as follows:

> Respondents also invoke our decision in United States v. Procter & Gamble Co., 356 U.S. 677, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), but that case—a civil antitrust enforcement action—involved neither class-action certification nor the sort of dismissal tactic at issue here. See id., at 681, 78 S.Ct. 983 (the Government "did not consent to a judgment against [it]" (internal quotation marks omitted)).

As in *Procter & Gamble*, this case involves "neither class action certification nor the sort of dismissal tactic at issue [in Microsoft]," where the parties stipulated to dismissal. Simply put, if as the Supreme Court in *Microsoft* found, 'the Government "did not consent to a judgment against [it]"' in *Procter &*

9

*Gamble*, Plaintiff here also did not consent to a judgment against her in this case given the facts in both cases. The facts here are even more compelling in favor of finding that the dismissal was not voluntary - the plaintiff in *United States v. Procter & Gamble Co.,* 356 U.S. at 679, "adamant in its refusal to obey, filed a motion in the District Court requesting that those orders be amended to provide that, if production were not made, the court would dismiss the complaint." In addition, we clearly stated to the district court, "Your Honor, let us proceed in court. We don't want any appeals. We would like to proceed in court." (A157:1-3).

A few additional points about *Microsoft* are in order. First, as further explained below, the stipulated dismissal in *Microsoft* qualifies as a voluntary dismissal under FRCP 41(a), whereas the dismissal in this action resulting from opposition to the Court's arbitration order, qualifies as an involuntary dismissal under FRCP 41(b) – because no answer or motion for summary judgement was field Plaintiff did not seek a court order for dismissal. Second, the holding in *Microsoft* was a narrow exception to the finality rule that does not apply to the facts in this case – stipulated dismissals in class actions which implicate FRCP 23(f) – see *Microsoft,* 137 S. Ct. at 1715, fn 11. As Justices Roberts, Thomas and Alito pointed out in *Microsoft*, under the Supreme Court's precedents, there was a final order for purposes of appellate jurisdiction because there was nothing left to do in the district court. However, the majority in *Microsoft* created a narrow

10

exception to the finality rule based on policy considerations which actually weigh in favor of jurisdiction in this case. For example, one of the major policy considerations upon which *Microsoft* is based is fairness – that the approach was "one-sided" (*Microsoft*, 137 S. Ct. at 1708) – that the plaintiff in the case could dismiss and appeal but the defendants could not. Under the unique facts of this case, such a concern is not present because the FAA allows an appeal from an order denying a motion to compel. In fact, the fairness argument would weigh heavily in favor of allowing Plaintiff to appeal the order in this case compelling arbitration.

In addition, the concern about piecemeal appeals in *Microsoft*, 137 S. Ct. at 1713, is not present here because the FAA does provide for piecemeal appeals by allowing for appeals of orders denying arbitration. In fact, arbitration is all about piecemeal litigation and *Katz* is a perfect example. In *Katz*, there was a period of litigation, then litigation about whether to go to arbitration, then an appeal from the resulting order, then the parties went to arbitration and litigated the claims, and now they are back in district court litigating the way the claims were arbitrated – about four years later and counting. The appeal in this case is no more "piecemeal" than if Plaintiff was to appeal a summary judgment order dismissing her claims – when summary judgment is reversed, litigation of the dismissed claims continue.

11

One cannot recall any rebuttal at oral arguments of Plaintiff's points based on footnote 11 of *Microsoft* and *Procter & Gamble* which was reaffirmed by *Microsoft*. These arguments were also not addressed in the Court's summary order or in the entire appeal. We recognize that *Microsoft* was decided after briefing in this case was complete and that the *Microsoft* case was not adequately briefed. Upon reconsideration, we respectfully ask this Honorable Court and distinguished panel to address these arguments and arguments.

3. **THIS COURT DID NOT ADDRESS FRCP 41 WHICH SPECIFICALLY DEFINES VOLUNTARY AND INVOLUNTARY DISMISSALS – THE SUPREME COURT'S DECISION IN MICROSOFT IS CONSISTENT WITH *RULE 41* BUT THIS COURT'S SUMMARY ORDER IS NOT**

In distinguishing *Procter & Gamble* from *Microsoft*, the Supreme Court noted that the type of dismissal in *Microsoft* was materially different from the type of dismissal in *Procter & Gamble*. *Microsoft* involved a *stipulation* of dismissal which qualifies as a voluntary dismissal under FRCP 41(a). However, *Procter & Gamble* and this case involve dismissals resulting from opposition to court orders which qualifies as involuntary dismissals under FRCP 41(b). As such, the Supreme Court's decision in *Microsoft* is consistent with FRCP 41 but this Court's summary order is not. Upon reconsideration, this Court should address FRCP 41 which the district court and the defendant purport to rely on. After doing so, this Court should

12

conclude that the dismissal in this case fits the definition of involuntary dismissal at FRCP 41(b) – and further hold that there is jurisdiction to hear this appeal.

It is obvious that there wasn't any voluntary dismissal under FRCP 41(a)(1)(A)(i) – no *notice* of voluntary dismissal was ever filed. It is also obvious that there was no voluntary dismissal under FRCP 41(a)(1)(A)(ii) – there was no *stipulation* of dismissal filed in this case.

We are then left with FRCP 41(a)(2) and FRCP 41(b). The dismissal in this case could not have been pursuant to FRCP 41(a)(2) for several compelling reasoning. First, there was no request or motion to dismiss filed pursuant to FRCP 41(a)(2). Every lawyer knows what such a motion looks like and a review of the record would reveal there was no such motion. Second, because no answer or summary judgment motion was filed in this case, FRCP 41(a)(1)(A)(i), allowed Plaintiff to dismiss her case without a court order, if she wanted to dismiss her case – a court order was not required and FRCP 41(a)(2) simply does not apply here and is not relevant. Third, any voluntary dismissal with prejudice under FRCP 41 would require a fairness hearing under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), to determine if FLSA rights were being improperly waived or compromised. As he has done in dozens of other cases, Plaintiff's counsel would have filed a motion for *Cheeks* approval if he was seeking dismissal with prejudice.

13

Fourth and very significantly, FRCP 41(b) fits the facts of this case almost perfectly and a lot more so than FRCP 41(a)(2). Here the dismissal was directly caused by opposition to the district court's order compelling arbitration – because of the costs/risks of arbtiration. We can confirm this by answering a simple question – if Plaintiff had obeyed the arbitration order and gone to arbitration, would there be a dismissal of the case? Obviously not. Viewed another way, if there was no order to compel arbitration, would Plaintiff be moving forward with her case in court? Obviously yes.

### III.   CONCLUSION

Based on the foregoing, this Honorable Court should grant this petition for rehearing and decide the issues identified above in Plaintiff's favor.

Dated: Queens Village, New York
        October 19, 2017


Respectfully submitted,

*Abdul Hassan*
Abdul Karim Hassan, Esq.
215-28 Hillside Avenue
Queens Village, New York 11427
Tel: 718-740-1000 - Fax: 718-740-2000
abdul@abdulhassan.com

14

CERTIFICATION PURSUANT TO
Fed. R. App. P. 32(a)(7)(B) and (C)

The undersigned hereby certifies that the foregoing Petition complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and (C) because the Petition contains 3,536 words of text and 14 pages.

The Petition complies with the typeface requirements of Fed. R. App. P.32 (a)(5) and the type style requirements of Fed.R.App.P.32(a)(6) because this Petition was prepared in a proportionally spaced typeface using Microsoft Word 2016, Times New Roman, Size 14.

Dated: October 19, 2017                                    _Abdul Hassan_
                                                          Abdul K. Hassan, Esq.

16-3348
Bynum v. Maplebear, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of October, two thousand seventeen.

Present:     JON O. NEWMAN,
             GUIDO CALABRESI,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.
_____

MELODY BYNUM,

                  *Plaintiff-Appellant*,

             v.                                                    16-3348

MAPLEBEAR INC., dba INTSACART,

                  *Defendant-Appellee*.
_____

Appearing for Appellant:     Abdul K. Hassan, Queens Village, NY

Appearing for Appellee:      Julia Allen, Keker, Van Nest & Peters, LLP (Benjamin W.
                             Berkowitz, *on the brief*), San Francisco, CA

Appeal from the United States District Court for the Eastern District of New York (Weinsten, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be, and hereby is, **DISMISSED**.

1

Melody Bynum appeals from the September 19, 2016 judgment of the United States District Court for the Eastern District of New York dismissing her case against Maplebear Inc., dba Instacart. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We dismiss Bynum's appeal for lack of jurisdiction. The district court granted Instacart's motion to compel arbitration and then stayed the case pursuant to Section 3 of the Federal Arbitration Act. Bynum's counsel then informed the district court that she did not want to arbitrate her claims, and she asked the district court to end the stay and dismiss the action instead so that she might pursue an appeal. The district court, after conducting a hearing and asking Bynum to confirm that she wished to waive her right to arbitration and dismiss her case on the merits, granted Bynum's motion.

We lack jurisdiction over this appeal. *See Empire Volkswagen Inc. v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) (holding that "an appeal from a judgment entered upon a voluntary dismissal with prejudice does not bring up for review any matters that were voluntarily dismissed"). The Federal Arbitration Act bars interlocutory appeals from the grant of a motion to compel arbitration. 9 U.S.C. § 16(b)(1)-(2) ( "[A]n appeal may not be taken from an interlocutory order ... granting a stay of any action under § 3 ... [or] directing arbitration to proceed under § 4."). Plaintiffs cannot circumvent that prohibition by agreeing to dismiss their claims rather than proceed to arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 346 (2d Cir. 2015) (noting that dismissing a complaint after granting a motion to compel, rather than staying the action, "effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order. Affording judges such discretion would empower them to confer appellate rights expressly proscribed by Congress.").

*Microsoft v. Baker*, 137 S. Ct. 1702 (2017) also counsels against allowing this appeal to proceed. There plaintiffs chose to stipulate to a dismissal of their claims after the district court denied their motions to certify a class, and to take an interlocutory appeal from that decision. Armed with their now-final order, plaintiffs appealed from the denial of class certification. The Supreme Court held that "the voluntary dismissal essayed by respondents does not qualify as a 'final decision' within the compass of § 1291. The tactic would undermine § 1291's firm finality principle, designed to guard against piecemeal appeals, and subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders." *Id.* at 1707. Similarly, allowing an immediate appeal here violates the finality rule.

We have considered the remainder of Bynum's arguments regarding jurisdiction and find them to be without merit.  Accordingly, the appeal is DISMISSED for lack of jurisdiction. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2